No. 3436.—JANE WETMORE v. MUTUAL AID AND BENEVOLENT LIFE INSURANCE ASSOCIATION OF LOUISIANA.

One of the clauses in the policy of a life insurance issued by the Benevolent Aid and Life Insurance Company of Louisiana was, that the insured agreed to pay into the treasury of the association one dollar and twenty-five cents upon the death of any member, within thirty days after date of said death, being notified thereof by publication in one daily newspaper published in the city of New Orleans in English, German, and one in French for five consecutive days. Held—That under this clause the 'assured was allowed the entire thirty days, commencing and counting from and after the last of the five days of publication. That the company could not claim the forfeiture of the policy on that account until thirty days after the last of the five days of publication had expired.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble*, J. *T. A. Bartlette*, for plaintiff and appellee. *J. D. Hill & H. N. Ogden*, for defendants and appellants

TALIAFERRO, J. On the third of June, 1870, the defendants insured the life of Robert Hancock Wetmore, who died on the ninth of September following. This suit is brought by the widow of the decedent to recover on the policy the sum of $2935, the amount insured for, and interest on that amount at five per cent. from ninth November, 1870. The answer admits that the policy of insurance was taken out as stated, but defendant avers that the insured party having failed to comply with one of the conditions stipulated in the policy the act became void, and that defendant is not bound. The judgment of the lower court was rendered in favor of the plaintiff for the sum claimed, and the defendants have appealed.

The condition referred to in the defense reads thus: "Said Robert Hancock Wetmore hereby agrees to pay into the treasury one dollar and twenty-five cents, upon the death of any member of the associa-

NEW ORLEANS, NOVEMBER, 1871.                       771

Jane Wetmore v. Mutual Aid and Benevolent Life Insurance Association of Louisiana.

tion, within thirty days after date of said death, being notified thereof by publication in one daily newspaper published in the city of New Orleans in English, German and one in French for five consecutive days."

The company say that this assessment on Wetmore, made on the decease of Joseph Parisey, was due and unpaid until the expiration of the thirty days, at the end of which time the policy became forfeited, so that on the ninth September, 1870 (the day of Wetmore's death), the policy by its terms and conditions was null and void, and consequently no rights of any sort arose in favor of the plaintiff. The case turns upon the solution of the question, from what day does the thirty days begin to run? If the thirty days begin to run from the first day of publication, the time had elapsed before Wetmore's decease. If the commencement be on the last day of publication, the full period of thirty days did not elapse until after his death.

If the time begin to run from the first day of publication, why should the publication be required to be made for five days consecutively? The reason for requiring five days publication would seem to be that this repetition of the publication for five days would be more likely to bring to parties interested knowledge of the event published than a single insertion in the gazette. Taking, then, this construction of the clause stipulating the condition as correct, the publication five times is to be considered the notice, and to be deemed equivalent to notice served personally. Therefore the last day of publication, and not the first, is the period from which the thirty days begin to run. It was upon this, and as we think the correct view of the question, the judge a quo decided in favor of the plaintiff.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.